IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES EDWARD DAILEY,

    Petitioner,

v.

M. MARTEL, Acting Warden,

    Respondent.

No. C 09-00895 SBA (PR)

**ORDER OF TRANSFER**

This case was commenced when Petitioner filed a document captioned "Petition For A Writ of Habeas Corpus." Petitioner alleges that prison officials at Mule Creek State Prison (MCSP) violated his First Amendment rights by imposing "restrictions on inmate donated funds" and by refusing to reactivate the inmate trust account for the "Veteran's Support Group." Petitioner has also filed an application to proceed in forma pauperis (IFP).

Petitioner's claims, however, are about the conditions of his confinement rather than the fact of his confinement or the length of it. It may be, therefore, that a federal civil rights claim under 42 U.S.C. § 1983, rather than a federal habeas petition, is the proper way to raise such claims. See Moran v. Sondalle, 218 F.3d 647, 650-52 (7th Cir. 2000); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

If this case is treated as a habeas case, his claims could possibly involve the execution of his sentence. Such claims are preferably heard in the district of confinement. Habeas L.R. 2254-3(a); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). Petitioner is incarcerated at MCSP, which lies within the venue of the Eastern District of California. See 28 U.S.C. § 84. If this action is treated as a civil rights case, the proper venue also would also be in the Eastern District, where the putative Defendants would be found and where the claims arose. See 28 U.S.C. § 1391(b). The

1 Court therefore need not resolve the question whether this action should be treated as a habeas case
2 or a civil rights case, because either way the preferable venue is in the Eastern District.
3     The Court hereby ORDERS that pursuant to 28 U.S.C. § 1404(a), and in the interests of
4 justice, this petition be TRANSFERRED to the United States District Court for the Eastern District
5 of California.
6     Petitioner's IFP application is TERMINATED as moot.

P:\PRO-SE\SBA\HC.09\Dailey0895.transfer.wpd2

1  This Order terminates Docket no. 2.
2  IT IS SO ORDERED.
3  DATED: 3/13/09

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.09\Dailey0895.transfer.wpd3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD DAILEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M. MARTEL et al,<br><br>　　　　　Defendant._____ / | Case Number: CV09-00895 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Edward Dailey T-32925
Mule Creek State Prison
P.O. Box 409060
Ione, CA 95640

Dated: March 16, 2009

　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.09\Dailey0895.transfer.wpd4