IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EDWARD DAILEY,

    Petitioner,                No. CIV S-09-0758 DAD P

    vs.

M. MARTEL, Warden,               ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

**BACKGROUND**

On March 2, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus in the United States District Court for the Northern District of California. On March 16, 2009, the Northern District transferred the case to this district, noting that regardless of whether petitioner was challenging the execution of his sentence or the conditions of his confinement, venue was proper in this court.

In his petition, petitioner alleges that he is the Chairman of the Veteran's Support Group ("VSG") at Mule Creek State Prison ("MCSP"). According to the petition, MCSP approved VSG's bylaws and allowed it to activate a trust account. Plaintiff alleges that the VSG could raise funds through the inmate population, use some of the funds to purchase necessary materials for the group, and distribute any excess funds to charitable organizations as the membership so desired. Plaintiff further alleges that MCSP, however, recently deactivated the trust account in favor of the "Care Program." Plaintiff claims that the restriction on the use of inmate-donated funds imposed by MCSP as a result of this change constitutes an abuse of power in violation of the First Amendment. (Pet. at 7-26.)

**ANALYSIS**

The instant petition should be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, petitioner does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration. Nor does petitioner challenge the execution of his sentence. Rather,

petitioner challenges the conditions of his confinement. Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. 42 U.S.C. § 1983; <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991). Accordingly, the court will recommend dismissal of this action without prejudice to filing a civil rights action.

**CONCLUSION**

IT IS HEREBY ORDERED:

1. Petitioner's March 2, 2009 application to proceed in forma pauperis (Doc. No. 2) is granted;

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus (Doc. No. 1) be dismissed without prejudice to filing a civil rights action; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 24, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
dail0758.156

3